UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| E.R., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:18 CV 31 CDP |
| | ) |
| MINNESOTA LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Lynlee Renick is the mother of minors E.R. and M.G. and seeks to be appointed as their next friend in this declaratory judgment action brought on their behalf. Renick claims that E.R. and M.G. are entitled to the $1 million death benefit under her deceased husband's insurance policy as secondary beneficiaries. Defendant Minnesota Life Insurance Company brings a counterclaim for interpleader, alleging that a dispute exists regarding who is named as beneficiaries in the decedent's policy; whether Lynlee Renick, as primary beneficiary, claims a right to the insurance proceeds and/or is qualified to receive proceeds as a beneficiary; and what potential rights the minor contingent beneficiaries have to the proceeds of the policy. Minnesota Life requests that independent guardians ad litem be appointed for each of the minors. In the circumstances of this case, I will appoint guardians ad litem for E.R. and M.G. and deny the request to appoint a next friend.

Under Fed. R. Civ. P. 17(c), a minor may sue or defend by a next friend or by a guardian ad litem (GAL). Under Missouri law, appointment of a GAL is appropriate where the minor children have interests that may conflict with the parent/next friend. *See Lechner v. Whitesell by Whitesell*, 811 S.W.2d 859 (Mo. Ct. App. 1991). *See also Y.W. By & Through Smith v. Nat'l Super Markets, Inc.*, 876 S.W.2d 785, 788 (Mo. Ct. App. 1994) (parent may be disqualified from representing child because of conflict of interest). "Appointing a guardian ad litem is for the benefit of the child, not the parties." *Lechner*, 811 S.W.2d at 861.

In this action, it appears that minors E.R. and M.G. have interests that may conflict with their mother, Lynlee Renick, and possibly with each other. In these circumstances, I find that the appointment of an independent GAL for each minor is appropriate. With the appointment of GALs, the appointment of next friends for the minors is unnecessary. *See Crawford v. Amusement Syndicate Co.*, 37 S.W.2d 581, 584-85 (Mo. 1931).

Counsel have informed the Court that attorneys William P. Grant and Jeffrey P. Medler have experience as court-appointed GALs and have each consented and agreed to serve as GALs in this action. I will therefore appoint attorneys Grant and Medler to serve as GALs. The GALs shall be parties to this action and shall also serve and participate fully as counsel throughout these proceedings. Upon receipt of this appointment, each GAL shall file an Entry of Appearance as GAL and as

attorney of record.   At the time of this appointment and throughout the duration of this case, each GAL shall be guided by the best interests of the minor child in all matters and shall participate fully in each proceeding so as to advocate a position designed to serve the best interests of the minor child.

The fees of each GAL will be paid from the interpleaded funds currently on deposit in the Court's registry.   At the conclusion of this case, each GAL shall submit **directly to the Court** his respective statement of fees for services rendered in this action, with the reasonableness of such fees to be determined by the Court.

I will set a status conference in this case for the purpose of developing a schedule to govern all further proceedings.   Prior to this conference, all counsel shall meet to discuss proposed dates for the filing of claims in interpleader, a schedule for discovery and motion practice, and any other matter appropriate for resolution of the case.

Accordingly,

**IT IS HEREBY ORDERED** that attorney William P. Grant, 7733 Forsyth Blvd., Suite 1850, St. Louis, MO 63105; telephone – (314) 721-6677, is appointed Guardian ad Litem for minor E.R.

**IT IS FURTHER ORDERED** that attorney Jeffrey P. Medler, 7733 Forsyth Blvd., Suite 1850, St. Louis, MO 63105; telephone – (314) 862-8888, is appointed Guardian ad Litem for minor M.G.

**IT IS FURTHER ORDERED** that Lynlee Renick's motion to be appointed as next friend [7] is denied.

**IT IS FURTHER ORDERED** that this matter is set for a status conference on **Tuesday, August 14, 2018 at 9:30 a.m.** Although this case is a Northen Division case and will be tried in Hannibal, Missouri, this status conference will be held in my courtroom – **Courtroom 14-South – at the Thomas F. Eagleton United States Courthouse in St. Louis, Missouri.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2018.