UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| E.R., et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MINNESOTA LIFE INSURANCE | ) |
| COMPANY, | ) |
| | )   No. 2:18 CV 31 CDP |
|     Defendant/Counterclaim | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LYNLEE RENICK, et al., | ) |
| | ) |
|     Counterclaim Defendants. | ) |

## **MEMORANDUM AND ORDER**

Lynlee Renick is the mother of minors E.R. and M.G. On February 14, 2018, through attorney Albert S. Watkins, Renick filed a declaratory judgment action on behalf of E.R. and M.G., claiming that they were entitled to a $1 million death benefit under her deceased husband's insurance policy as secondary beneficiaries. Minnesota Life Insurance Company answered with a counterclaim for interpleader, naming Renick, E.R., and M.G. as potential claimants to the insurance proceeds. Because of a potential conflict between the named claimants' interests, I denied Renick's request to be appointed next friend of E.R. and M.G., and I appointed a

Guardian ad Litem (GAL) for each of the minor children. Specifically, I appointed William P. Grant as GAL and attorney of record for E.R. I appointed Jeffrey P. Medler as GAL and attorney of record for M.G.

Renick has since disavowed her interest in the interpleaded insurance proceeds; and E.R. and M.G., through their respective GALs, have settled their claims to the proceeds. Attorney Watkins and each of the GALs now seek their respective attorney's fees and costs for their work in this case.[1]

**<u>William P. Grant, GAL and Attorney of Record for minor child E.R.</u>**

Attorney Grant requests $9050 in attorney's fees, representing 20 hours of work expended at a rate of $350/hour, and 8.2 hours of work expended at a rate of $250/hour. With his request, Grant submits a detailed account of the nature of the work performed, the time expended for each task, and the hourly rate for the attorney/associate performing the work.

Upon review of the detailed billing records, I find the time expended to be reasonable and the hourly rates appropriate. I will therefore grant GAL Grant's motion for attorney's fees and order disbursement from the interpleaded funds in the Court's Registry.

---

[1] At a status conference held August 14, 2018, attorney Watkins clarified that he did not represent Renick but instead represented only E.R. and M.G. at Renick's direction. He stated that he filed this lawsuit on E.R. and M.G.'s behalf and expected to represent them in state-court conservatorship proceedings. Upon attorneys Grant's and Medler's entries of appearance on August 2, 2018, Watkins no longer represented E.R. and M.G. in this action. Further, upon Renick's *pro se* entry of appearance on September 5, 2018, Watkins no longer was an attorney of record for any party before this Court.

**Jeffrey P. Medler, GAL and Attorney of Record for minor child M.G.**

Attorney Medler requests $781.05 in expenses and $9755 in attorney's fees, which represents 25.9 hours of charged work expended at a rate of $350/hour, and 4.6 hours of work expended at a rate of $150/hour. With his request, Medler submits a detailed account of the nature of the work performed, the time expended for each task, and the hourly rate for the attorney/associate performing the work.

Upon review of the detailed billing records, I find the time expended to be reasonable and the hourly rates appropriate. I will therefore grant GAL Medler's motion for attorney's fees and expenses and order disbursement from the interpleaded funds in the Court's Registry.

**Albert S. Watkins, Attorney for E.R. and M.G.**

On February 12, 2019, attorney Watkins submitted his request for $388.95 in costs and $83,146.50 in attorney's fees, which he averred represented "approximately 255 hours of representation." (ECF 49.) With this request, Watkins submitted general descriptions of the work "involved" in the case, including work performed before the interpleader was filed and work he expected to perform in the future. He also identified eight additional attorneys, two legal assistants, and two law clerks who performed services, but did not detail the task(s) performed, the specific time spent on such tasks, or by whom they were performed.

I held a hearing on April 5 to approve the settlement of E.R.'s and M.G.'s

claims to the insurance proceeds. At that hearing, Watkins proffered his detailed billing records to support his requested fees and later filed them with the Court. According to these records, Watkins now seeks to recover $85,581.50 in attorney's fees, representing 267.20 hours of work through April 5; and $1,098.09 in costs and expenses.[2] For the following reasons, I will award Watkins some of his requested fees and costs, but not all.

To calculate attorney's fees, courts typically begin by using the lodestar method – a formula by which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018). In determining the reasonableness of time expended, I may look to whether the case was overstaffed and whether the billed hours were excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 433. "It remains for the district court to determine what fee is 'reasonable.'" *Id*. I am not bound to use the lodestar method in awarding fees, however. I may also award fees based on the benefit provided by the attorney's work. *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244-45 (8th Cir. 1996). Regardless of the method applied, I have the responsibility to scrutinize attorney fee requests, keeping in mind that counsel bears the burden to establish a factual basis to support an attorney fee award. *Id.* at 246.

---

[2] The records also show that $500 of Watkins' bill has been paid.

I have carefully reviewed Watkins' detailed time records. His request that fees be awarded from the interpleaded funds for all of the time detailed in his records is unreasonable. For instance, Watkins and others on his legal team spent considerable time investigating the decedent's murder. According to Watkins' records and his explanation at the April 5 hearing, this investigation was for the purpose of Renick's understanding of why she was a suspect in the murder and would remain a suspect. Although Watkins argued that the investigation was necessary so Renick could understand and properly repudiate her interest in the insurance proceeds, his recitation of the details of the investigation shows that the work performed was for the purpose of providing advice and counsel to Renick and for Renick, and not on behalf of either E.R. or M.G. As noted above, Watkins earlier represented to the Court that he did not represent Renick in this action.

In addition to the murder investigation, Watkins seeks to recover fees for work on other matters that do not involve this interpleader action. Although these matters may relate to other actions involving Renick, E.R., and/or M.G., I will not award fees from the interpleaded monies deposited *in this action* for time expended on matters unrelated to the determination of who is entitled to these monies. Moreover, several hours billed by Watkins and members of his team appear to be duplicative and redundant, as shown by separate entries documenting (and billing for) each attorney's or staff member's simultaneous presence at the same meeting(s)

or conference(s).   I may reduce requested fee awards for "overlawyering."  *Ladd v. Pickering*, 783 F. Supp. 2d 1079, 1094 (E.D. Mo. 2011).

I do not doubt that attorney Watkins provided some benefit to E.R. and M.G. by initiating this litigation to formally resolve the underlying issue of whether they were both entitled to the decedent's death benefits as secondary beneficiaries. However, according to Watkins, there was no dispute between E.R. and M.G. that they were to share the benefits equally – they just needed a court declaring it so. Recognizing that E.R. and M.G. may have competing legal interests despite Watkins' representation otherwise, I appointed GALs to protect the interest of each child and to advocate for a position designed to serve each child's best interest. Accordingly, once the GALs were appointed, Watkins' representation of either child in relation to their respective entitlement to the interpleaded funds in this litigation should have ceased.

Further, while I find it reasonable and appropriate for Watkins to recover fees for legal services necessary to determine E.R.'s and M.G.'s entitlement to death benefits under the insurance policy and to determine Minnesota Life's position regarding their entitlement, to assist in obtaining Renick's repudiation of her entitlement, and to initiate and participate in this litigation up to the time of the GALs' appointment, I see no reason why thirteen legal professionals from his law firm were required in this effort and why such substantial time was expended in what

Watkins himself characterized as an uncontested issue between the claimants. To the extent Watkins claims that he performed additional legal services by way of attempting to discern the facts underlying the insured's death, law enforcement's investigation, and Renick's suspected involvement, this work performed before this action in interpleader does not appear to have been performed *for the purpose of* this interpleader, that is, to determine what share of the insurance proceeds E.R. and M.G. were each entitled to recover. *See Beaufort Transfer Co. v. Fischer Trucking Co.*, 357 F. Supp. 662, 671 (E.D. Mo. 1973) ("That the legal services may have been performed in the period prior to our order sustaining the petition for interpleader does not mean that the services were performed for that purpose.").

Finally, Watkins' requested fees and expenses account for more than 8% of the remaining interpleaded fund that is to be distributed to the minor children. By comparison, the GALs' requested fees and expenses each account for 1% or less. For the reasons set out above, and considering the purpose of this interpleader action, I find it reasonable and appropriate that Watkins recover fees more in line with those of the GALs. In my discretion, therefore, I will award attorney's fees to Watkins in the amount of $10,000.00. I will also permit Watkins to recover costs for the filing fee of this action ($400) and for service of process ($30). All other requested expenses – although presumably involving Lynlee, E.R., and/or M.G. – are unrelated to the purpose of this interpleader action and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Guardian Ad Litem William P. Grant's Motion for GAL Fees [50] is **GRANTED.** Attorney Grant shall recover attorney's fees in the amount of $9050, with said fees to be paid from the interpleader fund prior to distribution to E.R. and M.G.

**IT IS FURTHER ORDERED** that Guardian Ad Litem Jeffrey P. Medler's Motion for GAL Fees [51] is **GRANTED.** Attorney Medler shall recover attorney's fees in the amount of $9755 and expenses in the amount of $781.05, with said fees and expenses to be paid from the interpleader fund prior to distribution to E.R. and M.G.

**IT IS FURTHER ORDERED** that Attorney Albert S. Watkins' Motion for Attorney's Fees [49] is **GRANTED in part DENIED in part.** Attorney Watkins shall recover attorney's fees in the amount of $10,000.00 and costs in the amount of $430.00 with said fees and costs to be paid from the interpleader fund prior to distribution to E.R. and M.G.

An appropriate Judgment and Order of Disbursement is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2019.